UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA FASHINGBAUER, and her
husband, FRANK FASHINGBAUER,

    Plaintiffs,

v.                                          CASE NO:

WAL-MART STORES EAST, L.P.
and JAY KERRICK,

    Defendants.
_____/

**DEFENDANT, WALMART STORES EAST, L.P.'S NOTICE OF REMOVAL**

Defendant, WAL-MART STORES EAST, L.P., ("Walmart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Twelfth Judicial Circuit Court in and for Desoto County, Florida, Case No. 2020-CA-82, with full reservation of rights, exceptions and defenses, and in support thereof states:

**I.     BACKGROUND**

1.     On or about February 18, 2020, Plaintiffs commenced this action by filing a Complaint against Wal-Mart Stores East, L.P. and Debbie Barbara, in the Twelfth Judicial Circuit Court in and for Desoto County, Florida. The Complaint was served on Wal-Mart Stores East LP, on March 16, 2020. It was never served on Debbie Barbara.

2. On June 3, 2020, Plaintiffs filed an Amended Complaint naming Jay Kerrick as a Defendant instead of Debbie Barbara. (*See* Pl.'s Am. Compl. attached as Ex. A.) It was served on Jay Kerrick on July 13, 2020. In response, Defendant, Jay Kerrick, filed a Motion to Dismiss on July 20, 2020 for failure to state a cause of action against him as Plaintiff failed to allege any ultimate facts indicating what acts and/or omissions were taken by or attributed to Mr. Kerrick that constitute a breach of duty through personal fault. That Motion is currently pending.

3. Plaintiffs, LINDA FASHINGBAUGHER and FRANK FASHINGBAUER, allege a claim for negligence against Walmart and Jay Kerrick as a result of injuries Plaintiff Linda Fashingbauer allegedly sustained on January 17, 2019, when she allegedly slipped and fell at the Walmart store located at 2725 SE Hwy. 70, Arcadia, Desoto County, Florida.

4. Specifically, Plaintiffs allege that Walmart breached its duty owed to Plaintiff Linda Fashingbauer, including (a) failing to maintain the floor in a reasonably safe condition by allowing a produce/lettuce like substance to accumulate on the floor; (b) failing to inspect; (c) failing to warn of the danger of slipping on the produce/lettuce like substance; (d) and failing to correct the dangerous condition of the produce/lettuce like substance on the floor. (Ex. A ¶ 14.)

5. Plaintiffs allege that Jay Kerrick, as the store manager of the subject Walmart, had a duty to ensure the premises was maintained and to warn of any concealed dangerous conditions. (Ex. A ¶ 6.) Plaintiffs allege that the store manager, Jay Kerrick, breached his duty owed to Plaintiff, Linda Fashingbauer, including (a)

failing to prevent injuries by failing to maintain the floor; (b) failing to warn of the danger of slipping on the produce/lettuce like substance; (c) failing to properly train employees to maintain the floor; (d) failing to properly train employees to warn of the dangerous condition; (e) failing to alert Walmart of the dangerous condition; (f) failing to inspect the floor; (g) failure to maintain the floor. (Ex. A ¶ 17.)

6. On May 1, 2020, Plaintiffs filed their response to Walmart's Request for Admission related to whether they were seeking damages that exceed $75,000, exclusive of interest, costs, and attorneys' fees. Plaintiffs objected and neither admitted nor denied. After a hearing on Defendant's Motion for Better Responses, Plaintiffs filed their Supplemental Response to Walmart's Request for Admission on June 22, 2020, admitting they were seeking damages that exceed $75,000, exclusive of interest, costs, and attorneys' fees. (See Composite Exhibit B.)

7. Plaintiffs' Complaint is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

8. As discussed more fully below, Plaintiffs attempt to join as a defendant an individual who is a Florida resident for the sole purpose of defeating diversity jurisdiction, which constitutes fraudulent joinder.

9. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the Twelfth Judicial Circuit of the State of Florida in and for Desoto County together with a docket sheet from the Clerk of the Court. (*See* Composite Exhibit C).

10. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

1. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that Plaintiffs filed their Supplemental Response to Request for Admissions admitting that the damages they seek exceed $75,000 exclusive of interest, costs, and attorneys' fees. The thirty (30) day period commenced on June 22, 2020 when Plaintiffs filed this response.

2. Venue exists in the United States District Court for the Middle District of Florida, because the Twelfth Judicial District in and for Desoto County, where Plaintiffs filed their state court Complaint against Walmart, is located within the Middle District of Florida.

## III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

3. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

4. Wal-Mart Stores East, L.P., was at the time of the alleged incident, and is currently, a Delaware limited partnership.

5. WSE Management, LLC and WSE Investments, LLC, are partners of Walmart. WSE Management, LLC and WSE Investments, LLC were at the time of filing the Complaint, and still are Delaware limited liability companies.

6. The sole member of WSE Management, LLC and the sole member of WSE Investments, LLC is, and was at the time of the filing of the Complaint, Wal-Mart Stores, East, LLC, an Arkansas Limited Liability Company.

7. The sole member of Wal-Mart Stores East, LLC, is and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

8. Wal-Mart Stores, Inc. is a Delaware corporation that is a publicly traded company on the New York Stock Exchange and traded under the symbol WMT. The principal place of business for Wal-Mart Stores, Inc. is Bentonville, Arkansas. No publicly traded entity owns more than 10% of the company.

9. The principal place of business for all of the above entities (Wal-Mart Stores East, L.P., WSE Management, LLC, WSE Investments, LLC, Wal-Mart Stores East, LLC, and Wal-Mart Stores, Inc.) is and was at the time of the filing of the Complaint, Bentonville, Arkansas.

10. Hence, Defendant, Wal-Mart Stores East, L.P. is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

11. In determining whether diversity jurisdiction exists, the Court must disregard the citizenship of fraudulently joined parties. *Henderson v. Washington Nat. Ins. Co*, 454 F. 3d 1278, 1281 (11th Cir. 2006). Under well-established principles of federal law and civil procedure, a plaintiff may not destroy a defendant's right of

removal by fraudulently or improperly joining a resident defendant having no real connection with the controversy. *See e.g. Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 91 (1921).

12. In evaluating whether there is any possibility that the plaintiff can establish a cause of action against a resident defendant, the Eleventh Circuit has stated that there must be a reasonable basis for the claim being made. *Legg v. Wyeth*, 428 F. 3d 1317 (11th Cir. 2005). Thus, a defendant is fraudulently joined when there is no "reasonable basis" for a claim against it.

13. Here, Plaintiffs attempt to assert a cause of action against Jay Kerrick, the Manager of the subject premises. Florida law is clear that an employee, such as Jay Kerrick, cannot be held personally liable in tort simply because of his general administrative responsibilities for performance of certain functions. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357 (Fla. 1st DCA 2006). To establish employee liability, the plaintiff must plead and prove that the employees owed a duty to the plaintiff, and that the duty was breached through personal (as opposed to technical or vicarious) fault. *Id.*

14. Plaintiffs' Complaint is void of any allegations of active negligence on the part of Jay Kerrick; rather, all of Plaintiffs' allegations arise from Jay Kerrick's purported duty as the manager of the subject Walmart. Under Florida law, such allegations are insufficient to establish personal liability against Jay Kerrick, the store manager. Therefore, Plaintiffs lack any basis whatsoever for their negligence claim against Jay Kerrick, the store manager, and the inclusion of the store manager

in this lawsuit is a transparent attempt to destroy complete diversity. *See White,* 918 So. 2d 357.

15. Plaintiffs are either citizens of the State of Florida residing in Desoto County, Florida, or they are citizens of the State of Minnesota residing in Washington County. Plaintiffs are not citizens of Delaware or Arkansas.

16. Although Plaintiffs' Complaint does not specifically state Plaintiffs' citizenship, the Eleventh Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderhold*, 293 F.3d 1254, 1257 (11th Cir. 2002). Further, "[A] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Sunseri v. Macro Cellular*, 412 F. 3d 1247, 1249 (11th Cir. 2005).

17. Plaintiffs' Complaint state that they are residents of Desoto County, Florida. *See* Ex. "A" at ¶ 2.

18. Plaintiffs both answered Interrogatories in this matter, in which they stated that they lived in Forest Lake, Minnesota. (See Exhibit D.) They also testified at their depositions on June 26, 2020, that they live in Minnesota half of the year and they hold Minnesota drivers' licenses.

19. Plaintiffs' domicile in either Florida or Minnesota is equivalent to their citizenship for purposes of establishing diversity. *See McCormick*, 293 F.3d at 1257.

20. Because there exists complete diversity between Plaintiffs and properly joined Defendant Walmart who are citizens of different states, and because the

claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## IV.   AMOUNT IN CONTROVERSY

21.   The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

22.   Although Plaintiffs' Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum – "damages that exceeds the sum of THIRTY THOUSAND AND ONE DOLLARS ($30,001.00)" (Ex. A ¶1) – a review of the full Complaint, Plaintiffs' Response to Defendant's Request for Admissions, and medical records received to date indicate that the claimed amount in controversy exceeds $75,000.00.

23.   Plaintiffs allege in their Complaint that as a direct and proximate result of the negligence of Walmart, Plaintiff LINDA FASHINGBAUER "was injured in and about her body and extremities, incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both physical and mental nature, incurred a permanent injury to the body as a whole, incurred loss of ability to lead and enjoy normal life, incurred loss of wages and a loss of wage earning capacity, and incurred aggravation of a pre-existing condition, all of which are either permanent or continuing in nature, and the Plaintiff Linda Fashingbauer, will sustain said loss in the future." (Ex. A at 4.)

24.   Plaintiff Frank Fashingbauer alleges loss of services, companionship, and consortium. (Ex. A ¶ 21.)

25. Plaintiffs served their Supplemental Answer to Defendant's Request for Admissions, wherein they admitted that they are seeking damages in excess of $75,000.00, for the subject incident. (Ex. B.)

26. According to Plaintiffs' medical records received to date, Plaintiff Linda Fashingbauer has incurred injuries to both shoulders that ultimately lead to rotator cuff repair surgeries on both shoulders.

27. Although Plaintiffs' Complaint does not specify an amount in controversy other than the state court $30,001.00 jurisdictional minimum, Plaintiffs' Response to Request for Admissions indicate that Plaintiffs' claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Jennings v. Powermatic,* No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014) (Plaintiff's Response to Request for Admissions is competent evidence of the amount in controversy).

28. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

29. "[A] district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing *Williams v. Best Buy*

*Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).

30. Based upon the allegations in the Complaint, Plaintiffs' alleged injuries, Plaintiffs' Response to Request for Admissions, and medical records provided to date, the amount in controversy exceeds the requisite $75,000.00.

31. Thus, considering all of the information, this matter exceeds the $75,000.00 amount-in-controversy requirement. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information, and Plaintiff's discovery responses would not prove by a preponderance of the evidence that more than $75,000, is in controversy, together they suffice." *Stephenson v. Amica Mutual Insurance Company*, No. 6:14-CV-978-ORL-37, 2014 WL 4162781, at *3 (M.D. Fla. Aug. 21, 2014) (footnotes omitted).

32. Notwithstanding, in *Jennings v. Powermatic*, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's response to the defendant's request for admissions admitted the plaintiff was seeking damages in excess of $75,000.00. *Id.* Thus, the court found the defendant established complete diversity and that the defendant established that the amount in controversy exceeds the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

33. Additionally, the court concluded that an affirmative response to a request for admission may establish the amount in controversy. *See, e.g., Diaz v. Big Lots Stores, Inc.,* Case No. 5:10–cv–319, 2010 WL 6793850, at*3 (M.D. Fla. Nov. 5, 2010). The removing defendant properly established the amount in controversy by showing an admission from the plaintiff admitting the damages exceeded the jurisdictional amount. *Id.* Here, Plaintiffs' alleged damages as admitted in their Response to Defendant's Request for Admission alone exceed the jurisdictional minimum of this court, and thus Walmart has established its burden of proving the amount in controversy exceeds $75,000.00.

## V.     CONCLUSION

Because there exists complete diversity between Plaintiffs and Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiffs, through their attorneys of record, and the Clerk of the Circuit Court for the Twelfth Judicial Circuit in and for Desoto County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2020-CA-000082, on the docket of the Court for the Twelfth Judicial Circuit in and for Desoto County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and

that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

          Respectfully submitted,

          */s/ Monica Schmucker*
          Amanda J. Sharkey Ross
          Monica Schmucker

HEREBY CERTIFY that on July 21, 2020 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Robert F. McLaughlin, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone (813) 223-5505
Facsimile  (813) 223-5402
rmclaughlin@forthepeople.com
jbrookings@forthepeople.com
*Attorneys for Plaintiff*

          */s/ Monica Schmucker*
          AMANDA J. SHARKEY ROSS
          Florida Bar No. 598666
          MONICA SCHMUCKER
          Florida Bar No. 120579
          Post Office Box 280
          Fort Myers, Florida 33902-0280
          Telephone (239) 344-1249
          Facsimile  (239) 344-1542
          *Attorneys for Defendant*
          amanda.ross@henlaw.com
          tracey.salerno@henlaw.com
          monica.schmucker@henlaw.com
          sarah.howie@henlaw.com